**Fred D. GRAY, Henry O. Williams, Rufus Huffman, Ben McGee, Alonza Ellis, Annie Kate Anglin, Mary Marshall, A. C. Bull, Jr., Mary Huffman, Nathaniel Cummings, Rose M. Outsey, and Calvin Jackson, Jr., Plaintiffs,**

v.

**Fred D. MAIN, in his capacity as Judge of Probate of Bullock County, Alabama, et al., Defendants, United States of America, Amicus Curiae.**

**Civ. A. No. 2430-N.**

United States District Court

M. D. Alabama, N. D.

Sept. 7, 1966.

Solomon S. Seay, Jr. (Gray, Seay, Langford & Pryor), Montgomery, Ala., Jack Greenberg, Charles H. Jones, Jr., and Charles S. Ralston, New York City, for plaintiffs.

Maury D. Smith, Charles M. Crook, Goodwyn, Smith & Bowman, Montgomery, Ala., for Judge Main, Crook, Bullock County Democratic Executive Committee, and for Yon and Bullock Board of Registrars.

Frank J. Mizell, Jr., Montgomery, Ala., for three Boards of Registrars and their chairmen.

Preston C. Clayton, Eufaula, Ala., for Teal, Parish, Barbour County Democratic Executive Committee, and for Alice Hudson and Barbour Board of Registrars.

William M. Russell, Jr., Russell, Raymon & Russell, Tuskegee, Ala., for Raymon and Macon County Democratic Party Executive Committee.

Roy Mayhall, Jasper, Alabama, pro se and for Alabama State Democratic Executive Committee.

John Doar, Asst. Atty. Gen., and John M. Rosenberg, Atty., Civil Rights Division, U. S. Department of Justice,

Washington, D. C., and Ben Herdeman, U. S. Atty., Montgomery, Ala., for the United States, amici curiae.

## ORDER

FRANK M. JOHNSON, Jr., Chief Judge.

This action concerns the Alabama primary election conducted in Bullock, Barbour and Macon Counties, Alabama, on May 31, 1966. The plaintiffs, all of whom are Negroes, include candidates who sought, in that election, Democratic nomination for certain county offices in Bullock County and in the Alabama House of Representatives, and include other qualified Negro electors in these counties who sue in their own behalf and in behalf of members of their class.

The basic complaint of these plaintiffs is that they have been deprived of rights guaranteed by the Fourteenth and Fifteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1971 and 42 U.S.C. § 1973 (the Voting Rights Act of 1965). The defendants are sued in the official capacities indicated in the caption of this order, and, as such officials, they are charged with the responsibilities relating to elections under the laws of the State of Alabama. Among the acts alleged to have been committed by one or more of the named defendants in violation of plaintiffs' constitutional and statutory rights are failure to purge the registration lists of the names of white voters no longer qualified to vote; exclusion and harassment of poll watchers for Negro candidates; tabulation of illegally cast ballots of white persons, both regular and absentee ballots; refusal to assist Negro voters, and refusal to permit Negro electors to cast challenged ballots and where cast, to count said ballots. The defendants, plaintiffs complain, have jointly and severally conspired by such conduct to dilute the voting strength of Negroes in Bullock, Barbour and Macon Counties, which counties also comprise Alabama House of Representatives District 31, and have conspired to defeat plaintiff candidates, by reason of their race, from nomination to the office sought.

The case is now submitted upon various motions to dismiss filed by the defendants. These motions raise two basic questions: first, does a private litigant have standing to assert the substantive provisions of 42 U.S.C. § 1973 —the Voting Rights Act of 1965—and second, does 28 U.S.C. § 1344 [1] expressly deny this Court's, and other United States District Courts', jurisdiction in such a controversy.

The question raised by the defendants' motions concerning plaintiffs' standing to assert the substantive provisions of the 1965 Voting Rights Act is considered by this Court to be largely an academic question since 42 U.S.C. § 1983 seems clearly to permit individuals such as plaintiffs to bring an action alleging violations of § 1973i. In this connection, § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

[1.] "The district courts shall have original jurisdiction of any civil action to recover possession of any office, except that of elector of President or Vice President, United States Senator, Representative in or delegate to Congress, or member of a state legislature, authorized by law to be commenced, wherein it appears that the sole question touching the title to office arises out of denial of the right to vote, to any citizen offering to vote, on account of race, color or previous condition of servitude.

"The jurisdiction under this section shall extend only so far as to determine the rights of the parties to office by reason of the denial of the right, guaranteed by the Constitution of the United States and secured by any law, to enforce the right of citizens of the United States to vote in all the States."

liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Nothing in the Voting Rights Act precludes the exercise of or dilutes the rights conferred by § 1983. While it is true that there are provisions set forth in the Voting Rights Act[2] which confer express powers upon the Attorney General of the United States, the conferring of these specific powers and responsibilities on the Attorney General of the United States should not, and in the opinion of this Court cannot, be held to limit or diminish the rights conferred by § 1973i, which provides, in part:

> No person acting under color of law shall fail or refuse to permit any person to vote who is entitled to vote under any provision of this subchapter or is otherwise qualified to vote, or willfully fail or refuse to tabulate, count, and report such person's vote.

The argument of the defendants that actions by private individuals are not authorized, since § 1973j(d) confers specific authority upon the Attorney General of the United States to institute proceedings for the purpose of enforcing the rights guaranteed by § 1973, is not persuasive.

■ The defendants' argument on the jurisdictional question is based solely upon 28 U.S.C. § 1344. The argument is not well taken. This Court does not view the complaint and relief sought in this case as an action to recover possession of the offices sought by the Negro candidates in the counties involved. In this connection, this Court will make no specific adjudication in this case that any of the Negro candidates are entitled to the offices they sought. It appears that the lawsuit is nothing more than an action to redress certain alleged deprivations under color of state law of the Negroes' right to vote. Jurisdiction in

such instances is specifically conferred by 28 U.S.C. § 1343(3) and (4):

> The district courts shall have original jurisdiction of any civil action authorized by any person:
>
> \* \* \* \* \* \*
>
> (3) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

True, among the relief sought is a new election in Bullock and a recount of the votes cast in Macon and Barbour Counties after deleting votes illegally cast. This simply means that the plaintiffs in this case are asking this Court to insure that, in the May 31, 1966 primary election in Bullock, Barbour and Macon Counties, Alabama, and, by appropriate injunction, in any future elections, Negro voters will have their votes counted without dilution. Those portions of the plaintiffs' complaint and prayer to the extent that they, by implication, request certification of certain candidates as nominees will not be adjudicated. The fact that plaintiff Fred Gray, who was a candidate for nomination to the Alabama House of Representatives from Alabama House District 31, comprised of Bullock, Barbour and Macon Counties, joins other Negro plaintiffs in bringing this action does not make this an action to recover "possession of an office" within the meaning of § 1344. To reiterate, this action is merely to redress named deprivations of Negroes' right to vote in

---

2. See, for example, § 1973d and § 1973b (a).

Bullock, Barbour and Macon Counties, Alabama; in such instances § 1344 is not applicable. While it may be that the evidence in this case will reflect violations to an extent that a new primary election should be held in Bullock County, Alabama, the determining factor on this question will not be whether one candidate or the other should have been elected, but will be whether the holding of a new election is an appropriate means to remedy the discrimination these plaintiffs complain of. Johnson v. Stevenson, 170 F.2d 108 (5th Cir. 1948), does not hold to the contrary.

In accordance with the foregoing and for good cause, it is the order, judgment and decree of this Court that:

(1) The motion of the defendants the Macon County Democratic Party Executive Committee and Harry D. Raymon as chairman thereof, filed herein on July 13, 1966, asking that this cause be dismissed,

(2) The motion of the defendants K. S. Yon, as chairman of the Bullock County Board of Registrars; Alice Hudson, as chairman of the Barbour County Board of Registrars, and W. P. Mangham, as chairman of the Macon County Board of Registrars, filed herein on July 19, 1966 and amended on August 2, 1966, asking that this cause be dismissed,

(3) The motion of the defendants Barbour County Democratic Party Executive Committee and Tom Parish as chairman thereof, filed herein on July 20, 1966, the first defense in the answer of said defendants being considered and treated as a motion to dismiss,

(4) The motion of the defendant J. James Teal as register in equity of the Circuit Court of Barbour County, Alabama, filed herein on July 20, 1966, the first defense in the answer of said defendant being considered and treated as a motion to dismiss,

(5) The motion of the defendants Fred D. Main as Judge of Probate of Bullock County, Alabama; the Bullock County Democratic Party Executive Committee and John Allen Crook as chairman thereof; the Board of Registrars of Bullock County, Alabama, and K. S. Yon as chairman thereof, filed herein on July 20, 1966, the first defense in the answer of said defendants being considered and treated as a motion to dismiss, and

(6) The motion of the defendants the Board of Registrars of Barbour County, Alabama, and Alice Hudson as chairman thereof, filed herein on July 21, 1966, the first defense in the answer of said defendants being considered and treated as a motion to dismiss, be and each is hereby denied.