**Jim AMMERMAN, Appellant,**

v.

**James S. COLLINS, Appellee and Cross-Appellant.**

**No. 8031.**

Court of Civil Appeals of Texas, Texarkana.

March 9, 1971.

Ernest F. Smith, Smith, Hall & Huffman, Marshall, Welby K. Parish, Gilmer, for appellant.

Franklin Jones, Sr., Jones, Jones & Baldwin, Marshall, Earl Sharp, Longview, for appellee.

DAVIS, Justice.

This is the second appeal of the First Democratic Primary Election contest for the office of County Judge of Harrison County, Texas. The First Democratic Pri-

mary Election was held on May 2, 1970. There were only two candidates for the office: Hon. Jim Ammerman, hereinafter referred to as Ammerman, County Judge of Harrison County; and James S. Collins, hereinafter referred to as Collins.

A canvass of the votes showed that Ammerman received 4,073 votes and Collins received 4,057 votes. Ammerman was certified as the Democratic nominee for the office of County Judge of Harrison County at the General Election to be held on November 3, 1970.

On May 14, 1970, Collins filed a contest of the First Democratic Primary Election against Ammerman. On July 27, 1970, the Trial Judge entered an opinion in which he held the election for County Judge was invalid and directed the Harrison County Democratic Executive Committee to call a new Special Democratic Primary Election for the office of County Judge as between Ammerman and Collins. There is no provision of the Texas Constitution, nor the Election Code of the State of Texas, whereby any such election could be held; and, definitely no provision whereby the expenses of printing the ballots and holding the Special Democratic Primary Election could be paid for, either by the candidates or by the county. Both Collins and Ammerman appealed from that opinion. This Court, not being apprised of the fact that the United States District Court for the Eastern District of Texas, Marshall Division, hereinafter referred to as U. S. District Court, had acquired, or assumed, jurisdiction of the contested First Democratic Primary Election case. We proceeded to enter an opinion on October 6, 1970, Collins v. Ammerman, Tex.Civ.App.1970, 459 S.W.2d 891, in which we directed that the Trial Court hear all the evidence if it could do so and render a final judgment in time for the ballots to be printed, so that absentee voting could begin twenty days prior to November 3, 1970, General Election.

As far as we know, the Harrison County Democratic Executive Committee did not

call the Special Democratic Primary Election. Neither have we been informed of the fact that they have been cited for Contempt of Court for failing to do so.

Thereafter, the Trial Court entered a judgment in which it certified that Collins had received a majority of the legal votes cast in the First Democratic Primary Election and ordered Collins certified as the nominee of the Democratic Party for the Office of County Judge. As will later be shown, the Trial Court had no jurisdiction in the case because it had been acquired, or assumed, by the U. S. District Court. Anyway, Ammerman excepted to the judgment of the Court, gave notice of appeal and filed an Appeal Bond within five days thereafter. The judgment of the Trial Court is not dated. It was filed on October 12, 1970, just two (2) days before absentee voting was to commence in the General Election.

Sometime prior to September 29, 1970, a suit was filed in the U. S. District Court, apparently as a class action, by Roy Hubbard, et al., plaintiffs, v. Jim Ammerman, et al., defendants, Civil Action No. 1472, contesting the results of the First Democratic Primary Election for the office of County Judge of Harrison County. The pleadings do not appear in the record of this case. Ammerman filed a motion to dismiss the case which was overruled. The U. S. District Court entered a preliminary injunction, stating that, after due notice consideration of verified pleadings, all instruments on file as exhibits and having heard testimony from witnesses, he entered the preliminary injunction. It read as follows:

"IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

"Roy Hubbard, et al,
        Plaintiffs,

Vs.

                       Civil Action No. 1472

Jim Ammerman, et al,
        Defendants

## "ORDER GRANTING PRELIMINARY INJUNCTION

"The Defendant's, Ammerman, Motion to Dismiss this cause, having been heard before trial on September 25, 1970, was in all things overruled, to which Defendant Ammerman excepted.

"Due notice having been given Defendants, the Plaintiffs' request for a Preliminary Injunction was then presented on the same date, and the Court having considered the verified Complaint and all instruments on file as exhibits, as well as having heard testimony from witnesses, and have considered the arguments of counsel and being fully advised in the premises, finds:

"*That from the opinion of the District Court of Harrison County, Texas in Cause No. 25,400, James S. Collins v. Jim Am-* *merman, and evidence presented on this hearing, it appears that there is possibility that fraud has so permeated the Democratic Primary Election for a nominee of the Democratic Party for the office of County Judge of Harrison County, Texas, as that the votes of persons who cast legal ballots may have been diluted.*

"*There is also a distinct possibility that a decision of said Cause No. 25,400 on an appeal that has been taken to the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas sitting at Texarkana, Texas, may not be disposed of until after said Cause has become moot.*

"*The Court is of the opinion that unless Honorable Glenn Link, County Clerk of Harrison County, Texas, be re-*

strained from placing the name of Honorable Jim Ammerman on the ballot for the General Election, as the nominee of the Democratic Party for the office of County Judge of Harrison County, Texas, the appeal of said election contest, No. 25,400, may not be finally determined, and further that the Plaintiffs would suffer irreparable injury unless a Preliminary Injunction be granted.

"It is therefore, ORDERED, ADJUDGED AND DECREED that pending further Order of this Court, the Honorable Glenn Link, County Clerk of Harrison County, Texas, his deputies, representatives and employees and successors be, and he and they are, hereby restrained and enjoined from printing or causing to appear on the ballot for the General Election of November, 1970, the name of Honorable Jim Ammerman as nominee of the Democratic Party for the office of County Judge of Harrison County, Texas, and from in any way placing anything on said printed ballot which pertains to the office of County Judge of Harrison County, Texas.

"It is also ORDERED, ADJUDGED AND DECREED that the Defendants Glenn Link, H. F. Shivers, K. Harold Brown, Doyle Curry and Jim Ammerman, individually and in their official capacities as the Harrison County Election Board, their deputies, representatives, employees and successors, all be and they are hereby restrained and enjoined from providing any election supplies to the presiding judges of the official election precincts of Harrison County, Texas for the November, 1970, General Election for the office of County Judge of Harrison County, Texas, until further ORDER of this Court, and that said parties individually and in the capacity named be enjoined from holding an election for the office of County Judge of Harrison County, Texas, in the 1970 General Election.

"It is further ORDERED, ADJUDGED and DECREED that pending the further order of this Court, each and every voter and elector participating in the General Election to be held in November, 1970 is hereby restrained and enjoined from writing in the name of the office of County Judge of Harrison County, and the name of any person for such office on the ballot of the General Election of November, 1970 and all election clerks and judges are hereby restrained and enjoined from counting and making any return of write-in votes for such office in said election and the Commissioners Court of Harrison County, Texas is hereby restrained and enjoined from canvassing any purported returns from said election for such office and from certifying the results of any such returns as to said office.

"It is further ORDERED, ADJUDGED and DECREED that this order shall be effective from and after 5:00 p.m. September 25, 1970.

"SIGNED and ENTERED this 29th day of September, 1970.

"S/William Wayne Justice
UNITED STATES DISTRICT JUDGE

"Filed U.S. District Court
Eastern District of Texas
September 29, 1970
James R. Cooney Clerk
By Carolynn Gist
        Deputy

"A true Copy I Certify
James R. Cooney, Clerk
U.S. District Court
Eastern District, Texas
By Carolynn Gist
        Deputy

"Filed at 9:30 o'clock a. m. November 18, 1970
Jack A. Moore
Clerk District Court
Harrison County, Texas
By Mae Moos"
        Emphasis added.

■ The above temporary injunction by the U. S. District Court, having been filed in the State Court and brought forward in the transcript, puts this Court on notice that the U. S. District Court has acquired, or assumed, jurisdiction in this case. The U. S. District Court did not follow the requirements of Title 42 U.S.Code Sec. 1973j (d) which requires the United States Attorney General to take the first action for any relief, including a temporary or permanent injunction, restraining order or other action including an order directed to the United States or any local election officials required by them. There is no showing in the temporary injunction that it was brought by the United States Attorney General. Neither did the United States Court follow the law as written in Title 42 U.S.Code Sec. 1973b (a) requiring that any such action as to any voters in a State Election shall be heard and determined by a court of three Federal Judges.

There was no reasonable excuse for not following the requirements of the United States Code. Gray v. Main (D.C.Ala.1968) 291 F.Supp. 998; State of S.C. v. Katzenbach, (1966) 383 U.S. 301, 86 S.Ct., 803, 15 L.Ed.2d 769; Apache County v. United States (D.C.D.C.1966), 256 F.Supp. 903; Garza v. Smith, U.S.Dist.Ct. Western Div. of Tex., 1970, not yet printed. In any case, the burden of proof is upon the complaining parties of a state or political subdivision seeking a declaratory judgment or a preliminary injunction to prove that some effective rights have been abridged, or the right to vote because of race or color has been incurred. Gaston County, North Carolina v. United States (1969) 395 U.S. 285, 89 S.Ct. 1720, 23 L.Ed.2d 309. Collins seems to rely on Hadnott v. Amos (Ala.1969) 394 U.S. 358, 89 S.Ct. 1101, 22 L.Ed.2d 336. This suit was brought by the United States Attorney General, or under his instructions, and was heard before three Federal Judges. It was brought under the Civil Rights Act and the Alabama Corrupt Practice Act, Code of Alabama, Title 17, Sec. 274, 413 & 414. In that case, certain county officials, by certain maneuvers, had prevented Negro people from having their names printed on the Democratic ballot. There are other cases cited that have to do with the qualifications of the voters in a State Election or a subdivision thereof. The U. S. District Court, in the case at Bar, did not require any certification of any violation of any Civil Rights Act, or anything that was detrimental to any person or group of persons, nor did he acquire the assistance of two other judges to assist him in entering the temporary injunction. Only one U. S. District Judge acquired, or assumed, jurisdiction and issued a temporary injunction in a contested Democratic Primary Election case in which he says that he heard evidence. The U. S. District Court says it appears there is a possibility that fraud has been committed in the First Democratic Primary Election for a nominee of the Democratic Party for the office of County Judge, and the votes of some persons who cast legal ballots may have been diluted. He had no jurisdiction to make any such holdings or findings of fact.

The U. S. District Court enjoined and restrained Hon. Glenn Link, County Clerk of Harrison County, from placing the name of Ammerman on the General Election ballot as the nominee of the Democratic Party. A careful reading of the foregoing temporary injunction, actually, was that all of the qualified voters of Harrison County were not permitted to vote for a County Judge in the General Election. It seems to this writer that the U. S. District Court violated the Civil Rights of all the people who held voting certificates by the temporary injunction in not allowing them to vote for a County Judge in the General Election held on November 3, 1970.

■ This is only a Democratic Primary Contested Election case between Collins and Ammerman under Art. 13.30, Tex. Election Code, V.A.T.S., as to who received the most legal votes. The winner in

the contested election was to be certified the Democratic Nominee for the office of County Judge of Harrison County. I cannot find where there has been any violation of any Federal or State law whatever. The U. S. District Court should not have acquired, or assumed, jurisdiction and issued the temporary restraining order. I hope the readers of this opinion will carefully study the temporary injunction, and read the Federal Statutes cited.

It used to be the law in Texas that when a person would file a Workmen's Compensation Case in State Court and the defendant was a foreign corporation, they would file a petition to remove the case to Federal Court. When this would happen, the State Court lost all jurisdiction it ever had. It is just that simple. There are no Federal Constitutional Provisions, United States Statutes or Federal Rules of Procedure that give a single United States District Judge, or any Appellate Federal Court, the power, privilege, right or authority to supervise the trial of a Civil case that is pending in a State Court. If the United States District Court had not acquired, or assumed, jurisdiction, all the issues presented by this appeal would have become moot. This Court would be without any jurisdiction to enter any judgment whatever. Polk v. Davidson (1946) 145 Tex. 200, 196 S.W.2d 632; 44 T.L.R. 322 (1965), "A Problem of Appellant Delays in Election Contests." If there had been any violation of any voting rights or any Civil Rights Act and the U. S. Attorney General had certified the facts as required by the Federal Statutes or filed the suit in Federal Court, then it would have taken three Federal Judges to have acquired jurisdiction.

There are some other cases that give a single U. S. District Judge jurisdiction: diversity of citizenship; interstate commerce; labor relations and many others. They are described in detail in Volume 35 and 36A of C.J.S.

There is only one thing that this Court can do: Set aside the judgment of the District Court and remand the case with instructions to dismiss the contested election case from its docket.

No motion for rehearing will be allowed to be filed.

It is so ordered.

RAY, J., disqualified himself and did not participate in the consideration or decision of this case in any manner whatever.